UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARINA TEJERA o/b/o**
**G.J. (a minor child),**

    **Plaintiff,**

v.                                                                                                                                      **Case No. 8:07-cv-183-T-TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

## **O R D E R**

The Plaintiff seeks judicial review of the denial of her son's claim for Supplemental Security Income payments. For the reasons set out herein, the decision is reversed and remanded.

I.

The Claimant, G.J., was six years of age at the time of the administrative hearing. Plaintiff, Marina Tejera, applied for Supplemental Security Income payments on behalf of her son in September 2003, alleging disability as of August 1, 2001, by reason of asthma and a lazy eye.[1] The application was denied originally and on reconsideration.

---

[1] The Plaintiff also expressed concern that her son might have attention deficit disorder with hyperactivity ("ADHD"). (R. 64, 72-73).

The Plaintiff then requested and received a *de novo* hearing before an Administrative Law Judge ("ALJ"). Plaintiff and her son were represented by counsel and both testified on Claimant's behalf.

In essence, Plaintiff testified that her son should receive SSI in light of his asthma, ADHD, and behavioral problems. Regarding her son's asthma, Plaintiff stated that he has to use a nebulizer every six hours. Changes in the weather affects his asthma, particularly the heat. As for ADHD, Plaintiff testified that her son is hyper. He has to be told repeatedly to do his chores before he finishes them. He also fails to finish things he starts without prodding. He was on medication for this condition for a year or two, but Plaintiff stopped it. Although it helped him, Plaintiff indicated that she did not like how it made her son act. Even so, Plaintiff testified that she knows he needs the medication and she plans on checking with the doctor to see if he will put her son back on the medication. Her son cannot sit through a half hour television show. He sits for five to ten minutes, runs through the house, and then goes back to watching the television. As for his conduct at school, Plaintiff testified that teachers report her son has problems getting along with other students. His teacher has complained about fighting, exhibiting attitude, and hyperness. Plaintiff testified further that her son was suspended for two days for starting a fight. His teacher also said that he does not share, is shy and does not open up, and is stingy. Despite these things, Plaintiff indicated that her son's teacher told her that the Claimant is doing good with school work and has not mentioned that his behavior affects his school work. At the time of the hearing, the Claimant was going to start a new school and enter into the first grade. The Claimant receives help at school for speech problems and will get more attention at his new school.

Plaintiff said that her son likes to watch television. He also likes to play with his thirteen month old baby brother and to help feed him. He also plays with a younger next door neighbor who also has special needs. He does some chores at home, such as folding his clothes, straightening his shoes in the closet, and keeping his room clean, but he needs constant reminders to do so. In school, Plaintiff was told that her son liked to build things, color and go outside. According to Plaintiff, her son is not restricted physically. *See* Plaintiff's testimony (R. 343-55).

The Claimant testified briefly.[2] Upon questioning by the ALJ, the Claimant indicated that he was six years old. When asked how he liked school this year, the Claimant indicated that he did not know. Upon some prodding, the Claimant responded that what he liked best about school was playing with toys and going outside. He forgot what kind of toys he likes to play with. Claimant testified that he has a baby brother. Claimant plays with him, feeds him, and gives him baths. He likes to watch television, particularly Bart Simpson and Quiz. He also has a next door neighbor that he plays with. *See* Claimant's testimony (R. 355-57).

Also before the ALJ were medical records outlining the Claimant's medical history and school records documenting Claimant's progress and special needs. These matters are addressed adequately by the parties' memoranda and are addressed herein as necessary.

By his decision of September 14, 2006, the ALJ found that while the Claimant has severe impairments related to asthma, ADD and oppositional defiant disorder ("ODD"), he did not have an impairment or combination of impairments that meets, medically equals, or

---

[2]The decision erroneously reports that the Claimant did not appear (and testify) at the hearing. (R. 12).

functionally equals[3] the criteria of a listed impairment. Upon this finding, the ALJ concluded that the Claimant was not disabled. (R. 15-22). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

## II.

In order for an individual under the age of eighteen to be entitled to Supplemental Security Income payments, a claimant must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I); 20 C.F.R. § 416.906. Under the applicable regulations, the Commissioner employs a three-step evaluation process. First, he determines whether the claimant is engaged in substantial gainful activity. If not, the next determination is whether the claimant has a severe impairment or combination of impairments. If so, the Commissioner must then determine whether the impairment(s) meets, medically equals, or functionally equals the listing, and otherwise satisfies the duration requirement. Where the claimant fails to satisfy any of the criteria, he will be found not disabled. Where each of these requirements is satisfied, the claimant will be found disabled. 20 C.F.R. §§ 416.924 - 416.926a; *Wilson v. Apfel*, 179 F.3d 1276, 1277-78 n.1 (11th Cir. 1999).

---

[3]In particular, the ALJ found that Claimant exhibited less than marked limitations in acquiring and using information, attending and completing tasks, moving about and manipulating objects, and health and physical well being; a marked limitation in interacting and relating with others; and no limitation in the ability to care for himself. (R. 16-22).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards

were applied. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).

### III.

The Plaintiff raises two claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The Commissioner failed to fully and adequately weigh or develop the substantial evidence in this matter; and

(2) The Commissioner failed to make adequate credibility determinations in this matter. (Doc. 21 at 2).[4]

These claims are interrelated. By the first, Plaintiff summarily suggests that the ALJ's evaluation of the record evidence was insufficient and the ALJ erred by failing to state the weight accorded to each item of evidence and his reasons therefore.[5] As a result, she contends that a reversal is warranted to determine whether the ALJ followed proper legal principles. By the second, Plaintiff complains that the ALJ erred by failing to apply the pain standard and provide adequate reasons for impliedly discounting her testimony. Plaintiff urges that had the ALJ properly considered and credited her testimony in full, a finding of

---

[4] The argument section of Plaintiff's memorandum labels only one: The Commissioner failed to fully and adequately consider and evaluate the substantial evidence of record. (Doc. 21 at 7).

[5] Plaintiff makes no fact specific argument in regards to her particular case. Rather, she cites rules of law for the basic proposition that an ALJ must discuss and weigh the evidence and explain his reasoning in doing so.

disability would have resulted. In particular, Plaintiff asserts that her testimony should have resulted in a finding of disability, i.e., marked and severe impairments in the domains of attending and completing tasks, health and physical well-being, and interacting and relating with others (the ALJ found a marked limitation in this domain).[6] Consequently, Plaintiff urges reversal with an award of benefits is appropriate. In the alternative, Plaintiff urges the case should be remanded for "fuller and more adequate evaluation." (Doc. 21).

The Commissioner counters that the ALJ properly determined that Plaintiff was not fully credible consistent with the regulations and controlling Eleventh Circuit authority. Other than to state that the ALJ "properly considered the relevant evidence as a whole in assessing Claimant's functioning in the six domains," (Doc. 22 at 5), and summarily assert that "the ALJ properly considered the relevant evidence and properly performed his duty as the trier of fact of weighing and resolving any conflicts in the evidence," (Doc. 22 at 8), the Commissioner does not respond to Plaintiff's suggestion that the ALJ's evaluation of the record evidence was inadequate.

At issue here is the ALJ's determination of whether or not the Claimant's impairments functionally equaled a listing. At this step, the ALJ must consider all relevant evidence, including the credibility of subjective allegations.[7] *See id.* at §§ 416.924(a), (b)(2);

---

[6]Plaintiff makes no attempt to identify the portions of her testimony that establish such marked and severe impairments in each domain.

[7]The same basic principles that apply in "adult" disability claims with regard to determining whether statements about symptoms are credible also apply to childhood disability claims. *See* Social Security Ruling 96-7p, 1996 WL 374186, * 9 (S.S.A.). Thus, in this circuit, subjective complaints such as pain or fatigue are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective

7

416.926a(a). In making this determination, the regulations require consideration of six domains, which are broad areas of functioning intended to capture all of what a child can and cannot do.[8] 20 C.F.R. § 416.926a(b)(1). These domains are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. To functionally equal a listing, a child claimant must have "marked" limitations in two domains or an "extreme" limitation in one domain.[9] *Id.* § 416.926a(d).

---

symptoms. By this standard, there must be evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged symptom arising from the condition or evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Where an ALJ decides not to credit a claimant's testimony about [pain], the ALJ must articulate specific and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). The lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case. *Smallwood v. Schweiker*, 681 F.2d 1349, 1352 (11th Cir. 1982). Thus, where credibility is a determinative factor, the ALJ must explicitly discredit the testimony or the implication must be so clear as to amount to a specific credibility finding. *Foote*, 67 F.3d at 1562.

[8]The adjudicator must compare how appropriately, effectively and independently the claimant performs activities compared to the performance of other children of the same age who do not have impairments.

[9]A marked limitation is defined as a limitation that interferes seriously with [the] ability to independently initiate, sustain, or complete activities, and is more than moderate. *See* 20 C.F.R. § 416.926a(e)(2)(i). An extreme limitation is reserved for the worst limitations and is defined as a limitation that interferes very seriously with [the] ability to independently initiate, sustain, or complete activities, but does not necessarily mean a total lack or loss of ability to function. *Id.* § 416.926a(e)(3)(i).

While I find the Plaintiff's argument poorly articulated and vague, after a thorough review of the decision and the record in its entirety, I am constrained to agree with Plaintiff that a remand is necessary for further explication of the findings and reasons for the ALJ's decision.  In short, the decision does not permit the court to conclude that the ALJ has fully considered the entire record under applicable standards.  Significantly, there is sparse little to indicate that the ALJ fully considered and properly assessed the medical and school records.  Although the decision contains a few record citations in the ALJ's assessment of the six domains of functioning, it is impossible to ascertain the weight he accorded these and other opinions and his reasons for so doing.[10]  This results in error.  *See Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (providing that the ALJ must state with particularity the weight given different medical opinions and the reasons therefore); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (providing that the ALJ must "state specifically the weight accorded to each item of evidence and why he reached that decision.").  The requirement that the ALJ articulate the weight given to impairment evidence ensures that a reviewing court can "determine whether the ultimate decision on the merits of the claim is rational and supported

---

[10] I find wholly insufficient recognition of or discussion about several pertinent records. I am particularly troubled by the fact that the ALJ appears to rely on the opinion of Dr. Joseph Lupo, a psychiatrist, as he cites to the exhibit number of his opinion. *See, e.g.* (R. 18 - citing to Exhibit 6F/3).  However, by my reading, that doctor's functional assessment suggests Claimant may be disabled because he opined that Claimant was markedly limited in four domains of functioning. (R. 197-99). The ALJ does not discuss this opinion or provide reasons for not crediting it in full. The ALJ also fails to discuss the import of a psychological evaluation conducted in March 2004 by school psychologist Daniella Maglione, Ed.S., L.L.C. (R. 225-39); a functional assessment completed by pediatrician Jayna Doshi, M.D., in December 2004 (R. 244-47); a psycho-social assessment conducted in September 2005 (R. 291-300); and a teacher inquiry completed in June 2006 (R. 120-22).

by substantial evidence." *See Cowart*, 662 F.2d at 735.  In the absence of the ALJ's evaluation of the record evidence, I am unable to adequately review the decision and remand is required.  *See  Sharfarz*, 825 F.2d at 279; *Cowart*, 662 F.2d at 735; *see also Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987) (providing that remand to the Commissioner for clarification is required if the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied).

In light of this ruling, Plaintiff's claim concerning the evaluation of the subjective evidence need not be addressed.  *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n. 2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised).  However, on remand, the ALJ should take note that the Eleventh Circuit employs a three-part "pain standard" for evaluating subjective complaints.  Where an ALJ determines to discount or discredit such subjective testimony, he must do so with more than conclusory statements such as: "the ALJ has carefully considered all testimony and documents," to satisfy this standard.  *See Hudson v. Sec. of Health & Human Servs.*, 839 F.2d 1453, 1458 (11th Cir. 1988); *Cowart*, 662 F.2d at 735.

IV.

The court makes no finding as to the correctness of the ALJ's ultimate conclusion in this case.  However, for the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards.  The decision is reversed and remanded for further proceedings consistent with this Order.  Accordingly, the Clerk is directed to enter

Judgment in favor of the Plaintiff and to close the case, and the matter of fees and costs shall be addressed upon further pleadings.

**Done and Ordered** at Tampa, Florida, this 21st day of March 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record